No. 2850

Second Circuit

EDWARDS

v.

GRAND UNITED ORDER OF WISE SONS
AND DAUGHTERS OF AMERICA

(June 28, 1927. Opinion and Decree.)
(July 14, 1927. Application for Rehearing.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Mandate—Par. 52.**

Payment to a duly authorized agent of an amount he is authorized to receive is equivalent to payment to his principal.

Civil Code, Art. 2999.

2. **Louisiana Digest—Mandate—Par. 63.— Associations—Par. 14.**

Where a subordinate lodge of a fraternal organization is required to perform certain duties for the grand lodge the latter cannot avoid responsibility for the acts of the former by providing in its constitution or by-laws that such grand lodge shall not be responsible to the members of a subordinate lodge by the neglect of the officers of the subordinate lodge to perform its duties to the grand lodge. In such case the subordinate lodge is the agent of the grand lodge and not of the members of such subordinate lodge.

Thompson vs. Supreme Tent, etc., 189 N. Y. 294.

3. **Louisiana Digest—Associations—Par. 21. —Laws—Par. 97.**

The beneficiary of a benefit certificate issued by a fraternal organization is not entitled to recover double the amount he agreed to be paid thereunder in case of the death of the insured or attorney's fees under Act

No. 310 of 1910. That being a penal statute it must be strictly construed. Brown vs. Continental Casualty Co., 161 La. 229, 108 South. 464; Canal-Commercial T. & S. Bk. vs. Employers' Liability Ass. Corp. 155 .La. 720, 99 South. 542.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Tillie Edwards against Grand United Order of Wise Sons and Daughters of America.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Isaac Wahlder, of Alexandria, attorney for plaintiff, appellant.

Lamar Polk, of Alexandria, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Tillie Edwards against the Grand United Order of Wise Sons and Daughters of America, a fraternal organization organized under the laws of the State of Louisiana and consisting of a grand lodge and subordinate lodges, upon a benefit certificate issued by the organization to Mrs. Lula Crocket, a member of Robinson Castle No. 14, a subordinate lodge, naming her, Tillie Edwards, as beneficiary thereof in the event of the death of the insured while in good standing.

The benefit certificate is dated September 9, 1923, and provides for the payment to the beneficiary of a certain sum of money on the death of the insured while in good standing with the lodge, the amount being graded and depending on the length of time that had elapsed between the date of the certificate and the death of the insured, the maximum amount being $300.00.

The petition alleges that the insured, Lula Crockett, died on March 1, 1925, and that at her death she had duly paid all dues and assessments required of her and was in good standing as a member of the lodge, and that she was entitled to judgment against the defendant for the amount agreed to be paid under the certificate, namely, $300.00 with legal interest thereon from March 1, 1925.

She further alleged that defendant had refused to admit liability to her under the certificate, thus compelling her to institute this action against it, and that therefore she was entitled to recover judgment against it for double the amount owing under the policy, or $600.00, and also $150.00 attorney's fees.

She prayed for judgment against defendant for the sum of $750.00 with legal interest on $300.00 thereof from March 1, 1925.

The defendant filed an exception to the sufficiency of the citation; and, reserving its right thereunder, should it be overruled, he filed an exception of no right and no cause of action; and, reserving its rights under both exceptions, should both of them be overruled, it filed an answer denying liability and denying that the deceased was in good standing as a member of the order at the time of her death and specifically alleging that—

"under Part 4 (4), Article (5), Section (1) of the Constitution and Regulations governing subordinate Castles and the general laws of the Grand United Order of Wise Sons and Daughters of America, every member of the Castles (these Castles being subdivisions of defendant corporation) was obligated to pay the sum of sixty-five cents ($0.65) as monthly dues; thirty-five cents ($0.35) to be paid by the Scribe

to the Grand Secretary on their endowment certificate, the balance to remain in the treasury of the subordinate lodge."

and that—

"under section (1) of the rules and regulations and the general laws governing the burial department of defendant corporation, each member thereof was obligated to pay one and 50-100 ($1.50) dollars per year as burial tax, which amount should be paid annually to the Burial Department on or by the 20th of January of each year, and which moneys should be forwarded by the Secretary of each Castle on or by the 20th of January of each year to the Treasurer of the Burial Department of the Grand Council and Castle, being the governing body of defendant corporation."

That by resolution of the Grand Lodge of defendant—

"if any Castle should become one month and a half or two months in arrears with the endowment department, that any member of such Castle dying at the time said Castle was in arrears would have no claim on the endowment department or burial department of defendant corporation."

That under the terms of the certificate sued on and the general laws of the order—

"the beneficiary was to have no right or claim under said endowment certificate or policy unless the insured were a member in good standing at the time of his or her death and unless at that time all endowment and burial assessments, taxes, etc., had been paid in full and in accord with the terms of said order."

"that said Lula Crockett * * * did not pay endowment dues or assessments due by her to the local Castle or your respondent corporation * . * * for the months of January and February, A. D., 1925, and at the time of her death, was, therefore, not in good financial standing * * * with said Castle of which she was a member or with the defendant corporation or its endowment department."

"that the said Robinson Castle, No. 14, had not paid or remitted * * * to your respondent corporation the endowment assessments of its members and especially of said Lula Crockett for the months of January and February, 1925, and that said Castle was also in arrears with respondent corporation and its endowment department for said months of January and February, 1925.

That the deceased, Mrs. Lula Crockett, did not pay to the Castle, of which she was a member, the burial tax due by her to the order and which was payable on or before January 20, 1925; and that Robinson Castle, No. 14, of which the deceased was a member, did not pay the burial tax of its members, which was due and payable on or before January 20, 1925.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing her suit and she has appealed.

## OPINION

Defendant does not, in its brief, contend that the exceptions filed by it should be sustained, but rests its defense on the grounds that it is not liable because the deceased was not in good standing in the subordinate lodge of which she was a member at the time of her death and that Robinson Castle, No. 14, the local lodge of which she was a member, had not remitted to defendant within the time fixed by its constitution and by-laws and before the death of Mrs. Lula Crockett the endowment assessments of its members.

The question for decision therefore is whether or not Lula Crockett had duly paid her dues and assessments as a member of the order for the months of January and February, 1927, and the burial

tax as required by the charter and by-laws of the defendant.

Plaintiff introduced in evidence a document marked Plaintiff-A, signed by Vina Robinson, Demonstrator, dated February 12, 1925, purporting to be a receipt for lodge dues paid by the decedent for the months of January and February, 1925, and her burial tax for the month of January, 1925.

This document is not entirely clear, but Vina Robinson, Demonstrator of Robinson Castle, No. 14, a subordinate lodge of the defendant, who issued the receipt in question, testified as follows:

(Pages 20, 21.)

"Q. Now, Viney, you have already stated that Lula Crockett had paid all her endowment dues for the year 1924?

"A. Yes, sir.

"Q. Did she pay her endowment dues for the months of January and February, 1925, that is, the two months before she died?

"A. She paid it to one of the members, yes, sir, she paid it.

"Q. Then is this the receipt which you gave—it shows 75c paid for January, and 75c paid for February.

"A. (Witness examined document.) Yes, sir.

"Q. Is that a true receipt?

"A. Yes, sir; and I turned it over in the hall, in the room.

"Q. To whom was that money paid for January and February, 1925?

"A. It was paid to the secretary in the lodge room.

"Q. Wasn't it paid to you?

"A. They paid this to me.

"Q. And then you paid it to the secretary of the lodge room?

"A. Yes, sir.

"Q. Then, Viney, did Lula pay you or was the money paid to one of the members?

"A. She paid me for January and February.

"Q. And did you give her this receipt? (Indicating.)

"A. Yes, sir; and I carried it into the lodge room and turned it over to the secretary of the lodge room.

"Q. Why didn't Lula take it to the lodge room?

"A. She was sick in bed.

"Q. Did you go to her home and collect it?

"A. She gave it to me at her home.

"Q. Is that also a receipt for $1.50 for the burial, signed by you?

"A. Yes, sir."

This evidence established that Lula Crockett had paid all of her dues to and was a member in good standing of Robinson Castle, No. 14, of the Grand United Order of Wise Sons and Daughters of America at the time of her death.

But defendant contends that it was not bound unless Robinson Castle, No. 14, had remitted to the Grand Lodge its proportion of the monthly dues paid by members pursuant to Section 1 of Article V of the constitution and by-laws of defendant which provides—

"Well, every daughter who is a member of the Castle shall pay the sum of 65 cents monthly dues. Well, 35 cents of the 65 cents shall be sent up by the Wise Scribe of the Castle to the G. Sc. on their Endowment Certificate, and the other 30 cents shall remain in their Castle treasury, for weekly benefits, for sick members, and other incidental expenses of the Castle * * *"
and Sections 35 and 36 of Article I of Part VI which provide—

"The Endowment Fund of the Grand Council and Castle shall not recognize or be held responsible to individual members of either division of the order, for neglect or failure of any council, castle, juvenile or uniform drill company, to send into the office of the G. S. of endowment, the names and money of its members, under the requirements of these laws or rules, but will, by all means protect said members in their benefits aforesaid, providing when any prompt notification or application is made out

properly by him or her, to the office of the Sir G. Sc. of endowment department. "Be it known that any case of that kind or condition that may arise under the operation of the Grand Council and castle endowment department, is hereby understood and declared that the council, castle or juvenile is the agency of each and every member who are insured, and not of the grand council and castle department." and Section 1 of the Burial Department which provides—

" * * * A member pays only $1.50 per year to the burial department of the order and if 50 or more members die from that Council or Castle the members of either Council or Castle have no more burial assessments to pay, then who would not appreciate such an order as this, by simply paying that $1.50 each (per member) once a year, and at the death of a member of either Council or Castle would get from $25 to a $50 burial, then you see that a member only paying $1.50 per year burial tax would for instance hereafter remain a member of the order 30 years or more to pay into the burial department, the amount back, that the order pays for the burial of a member." "Be it known that this is the law of the order, that each and every member of either Councils or Castles of the Grand United Order of Wise Sons and Daughters of America, must and shall pay $1.50 each, that is, each member must and shall pay his or her $1.50 annually to this burial department on or by the 20th of each January of each year, and the said monies for said burial tax shall and must be forwarded by the secretaries of either Councils or Castles on or by the 20th of each January of each year to the Grand Secretary and Treasurer of the Burial Department of the Grand Council and Castle of the Grand United Order of Wise Sons and Daughters of America * * * "

By official proclamation of the governing authorities of defendant the time for paying and remitting these dues was extended to March 1st of each year.

Section 5 of the proclamation provides that—

"Yes, you have from January 1st until March 1st to pay your burial tax and the same is to be forwarded by the presiding officer of either the Council, Castle or Juvenile to Dt. Mary E. Duncan, S. T. B. D. Box 186, Monroe, La.

And Section 9 of the proclamation provides that—

"Well, let all C. V. A.'s of Councils, D. S.'s of Castles and P. S.'s of Juveniles read or have read this in each lodge meeting. Force this law, and collect the burial tax for the safety of the members and the good of the jurisdiction and all concerned. Forward all burial tax moneys to Dt. Mary E. Duncan, Box 186, Monroe, La., and get your receipt. She is under a heavy bond for the safety of your money. We will notify you of our annual visits to all lodges, etc."

Under these rules of the defendant the question is to be decided whether or not the Grand Lodge can constitute the subordinate lodges its agents for the purpose of collecting and remitting the endowment and burial dues of the members and at the same time make the subordinate lodges the agents of their members and not agents of the Grand Lodge for the purpose of collecting and remitting such dues.

In our opinion a principal cannot authorize an agent to collect money for him and at the same time make his representative the agent of his debtor for the purpose of transmitting the money to the principal.

When money is paid to an agent duly authorized to receive it, it at once becomes the property of the principal and the debtor making the payment is fully discharged.

Would the Grand United Order of Wise Sons and Daughters of America "have its pie and eat it too?"

In Thompson vs. Supreme Tent, etc., 189 N. Y. 294, the court held that where

a subordinate lodge discharges certain functions solely in the interest of the superior body, the latter cannot escape responsibility for the acts of the former under a provision of its by-laws declaring that the beneficiary named in her endow- be deemed the agent of its member and not of the superior body.

In Supreme Tribe of Ben Hur vs. Hall, 24 Ind. App. 316, the court said:

"A local officer of a mutual benefit association required by its by-laws to collect dues for members is the agent of the association and a member discharges his obligation to the association when he pays his dues to such agent."

Under all of the evidence we are convinced that Lula Crockett, at the time of her death, was a member in good standing of the Grand United Order of Wise Sons and Daughters of America and that the beneficiary named in her endowment certificate, Tillie Edwards, is entitled to recover the benefits provided for in the certificate.

Defendant contends that at the time of the death of Lula Crockett, Robinson Castle, No. 14, was in arrears with the Grand Lodge and for this reason plaintiff cannot recover.

To escape liability on this ground Robinson Castle, No. 14, must have been suspended, for Section 34 of Article I of Part VI provides that—

'Should a Council, Castle or Juvenile lose a member during the period of its suspension, the beneficiary of such member shall not be entitled to the benefits of the endowment fund of the Grand Council and Castle."

William Kelso, Grand Scribe, testified, on cross examination:

(Page 64.)

"Q. After you received this money from Robinson Castle, did you have these min-utes of January and February; did you continue to receive money from Robinson Castle?

"A. Yes, sir.

"Q. Are you now receiving money from Robinson Castle?

"A. Yes, sir.

"Q. Has Robinson Castle ever been suspended?

"A. Not at this particular time.

"Q. At that time?

"A. No, sir, it was not at that time.

"Q. At the time Lula Crockett died it was not?

"A. No, sir, it was not."

From this evidence it is clear that at the time of Lula Crockett's death Robinson Castle, No. 14, was in position to receive for the Grand Lodge and did receive for the Grand Lodge moneys paid by members for endowment and burial dues.

Therefore the contention that Robinson Castle, No. 14, was not authorized to receive or remit endowment or burial dues is not sustained by the evidence.

In an able brief defendant's counsel cites numerous authorities, but we do not consider any of them as holding that a fraternal organization may escape liability to members by inserting in its constitution or by-laws an impossible condition, making subordinate lodges the agent of their members for the purpose of collecting and remitting dues to the superior lodge and at the same time absolving the superior lodge from responsibility for the acts of the subordinate lodges.

The authorities cited by defendant that a member of a fraternal organization becoming in bad standing financially with the local lodge of which he is a member thereby forfeits the benefits that would otherwise accrue under a benefit certificate issued by the organization fully

sustain his contention; but having found as a fact that Lula Crockett, at the time of her death, was a member in good standing of Robinson Castle, No. 14, the authorities cited by defendant on this point have no application.

Plaintiff asks for judgment for double the amount payable by the terms of the certificate sued on and for $150.00 additional as attorney's fees under Act No. 310 of 1910 because of defendant's refusal to pay.

Under the authority of—

Canal-Commercial T. & S. Bank vs. Employers' Liability Ass. Corp, 155 La. 720, 99 South. 542; and

Brown vs. Continental Casualty Co., 161 La. 229, 108 South. 464, she is not entitled to the penalty prayed for.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of Tillie Edwards and against the Grand United Order of Wise Sons and Daughters of America for three hundred dollars with legal interest thereon from March 1, 1925, and all costs.