No. 3762

Second Circuit

WILLIAMS v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE OF ANCIENT FREE AND ACCEPTED MASONS FOR THE STATE OF LOUISIANA

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

Isaac Wahlder, of Alexandria, attorney for plaintiff, appellee.

Charles M. Roberson, of Shreveport, attorney for defendant, appellant.

WEBB, J. Plaintiff, Farie Williams, widow of Leroy Williams, and beneficiary under an insurance policy issued on the life of her husband by defendant, Most Worshipful St. John's Grand Lodge of Ancient Free and Accepted Masons for the State of Louisiana, a fraternal benefit association, brought this action on the death of her husband to recover on the policy, and defendant appeals from a judgment rendered in favor of plaintiff.

Deceased was a member of a subordinate lodge, and there is a provision in the articles of defendant association that monthly dues or premium on policies held by members of the subordinate lodges must be paid to the subordinate lodge in time for the secretary of the subordinate lodge to remit to the Grand Lodge not later than noon of the 10th of the month in which the premium was due, and the defence interposed is that deceased had not paid the premium due on the policy for the month of February, and that the secretary of the subordinate lodge had not remitted to the Grand Lodge.

The evidence established that Leroy Williams had been ill for some time, and that the monthly premiums due had been paid by the subordinate lodge of which he was a member, and the secretary of the subordinate lodge testified that there had been drawn from the treasury of the lodge the amount of premium due by the deceased for the month of February, and that the same had been paid to him prior to the 10th of February, 1929, but the evidence does not show that the amount was remitted by the secretary to the Grand Lodge. It was shown, however, that the remittances from the subordinate lodge of premiums due on policies issued by the Grand Lodge to members of the subordinate lodge had always been remitted by the secretary of the subordinate lodge, and we are of the opinion that the secretary of the subordinate lodge must, under the provisions of the articles of the association, as well as under the evidence showing the course of business between the subordinate lodge and the Grand Lodge, be regarded as the representative of the latter. The evidence establishing that the premium due by the deceased was paid to the secretary of the subordinate lodge of which the deceased was a member, prior to the 10th of the month in which the insured died, it was sufficient, and the policy was in effect on the 12th day of February, the date of the insured's death. Edwards v. Grand United Order, 6 La. App. 693.

The judgment appealed from is therefore affirmed.