No. 4209

Second Circuit

———

FAIRFAX v. INTERNATIONAL ORDER OF TWELVE, KNIGHTS AND DAUGHTERS OF TABOR, JURISDICTION OF LOUISIANA

———

(February 16, 1932. Opinion and Decree.)

———

Isaac Wahlder, of Alexandria, attorney for plaintiff, appellee.

Herndon & Herndon and Charles M. Roberson, of Shreveport, attorneys for defendant, appellant.

McGREGOR, J. Anna Ford, later Anna Collier, carried an insurance policy or certificate in the defendant organization for the sum of $375. Her mother, the plaintiff herein, was named as the beneficiary. The insured died on May 24, 1929, and demand was made upon the defendant for the payment of the amount provided for under the contract of insurance. This demand was refused upon the alleged ground that the local lodge had been suspended and for the further alleged reason that at the time of her death the insured was in arrears with her dues or "unfinancial," as the members of the lodge call it. This suit is the result of the refusal of the defendant to pay. In the lower court judgment was rendered in favor of the plaintiff for the full amount of the policy and the defendant has appealed.

The only question to be determined is as to whether the insured was in good standing at the time of her death. It is contended by the defendant that the local lodge in which the insured held her membership was suspended several months before her death and had not been reinstated at that time and that as a legal consequence she was necessarily suspended personally and her policy or certificate of insurance null and void. An attempt was made to prove that the lodge had been legally suspended on August 20, 1928, and that due notice had been given to the lodge

by letter. The receipt of this letter, as well as any knowledge of its contents, was denied by all the officers of the lodge. But whether this notice was received by the proper officers of the lodge or not, it is not pretended that there was any attempt made to notify the individual members of the alleged suspension. In the case of Emanuel v. Central Grand Independent Order, etc., 16 La. App. 186, 133 So. 506, 508, this court held that an alleged suspension of a local lodge "could not have the effect of suspending the individual members to the extent of voiding their policies and denying the beneficiary the right to collect on them in case members who had paid all dues to the local lodge died while the lodge was under suspension." It is not, therefore, necessary for us to decide whether the lodge was technically suspended at the time of the death of the insured. Whether it was suspended or not, the insured was not notified of the fact and furthermore it continued to meet and function as usual. So the only fact that must be determined is as to whether the insured was in arrears with her dues on May 24, 1929.

The defendant tried to show that the insured had paid no dues since February, 1928. To substantiate this contention a letter purporting to be addressed to the high priestess of the local lodge was introduced. This letter was dated December 28, 1928, and listed the insured as being delinquent since February, 1928. The high priestess denies ever receiving the letter. All the officers of the lodge testify that the insured had been regular in attendance and that her dues were paid promptly. Her passbook was introduced in evidence and its genuineness was vouched for by officers of the lodge. This book shows all dues paid for the months of May, 1928, to April, 1929, inclusive. All these dues may not have been received by the defendant but they were paid to the local officers and it is firmly established according to all jurisprudence that these local officers are the agents of the defendant.

This narrows the case to the question of the dues for the month of May, 1929, in which month the insured died. Under the printed constitution and by-laws of the defendant grand lodge the dues of members were payable on or before the twelfth of each month, with the provision that the failure to pay by the twelfth shall deprive the beneficiary of the proceeds of the policy in case of the death of the insured. But it was proved on the trial of the case that it was the recognized custom of the lodge to accept dues from its members at its regular meetings which were held on the second and fourth Tuesdays of each month. At the first meeting payment of dues was always called for, but special announcement was made by the presiding officer that they would be accepted at the next meeting, or fourth Tuesday. The insured died on May 24, 1929, and the fourth Tuesday of May was the 28th. According to the long-established custom of the lodge, she died four days prior to the date on which she had a right to pay her dues without being suspended. There are numerous authorities to the effect that in the absence of notice of an intention to .enforce strict compliance with the requirement to pay dues on or before a set date, organizations such as the defendant are estopped by their former course of dealing in cases where it has been the uniform custom to accept the dues at a later date. This must be true, for this course of dealing with its members lulls them into a sense of security and causes them to believe, and to act accordingly, that the strict rules in regard to the time of payment of dues will not be enforced. Under

this view of the matter the conclusion is irresistible that the insured in this case had a legal right to believe that she had until May 28, 1929, in which to pay her dues for the month of May, and her beneficiary cannot be deprived of the proceeds of her insurance because of her reliance upon this belief.

The judgment of the lower court is correct and it is therefore affirmed with all costs.