WILLIAMS v. KNIGHTS OF PYTHIAS, STATE OF LOUISIANA, OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA.

No. 4322.

Court of Appeal of Louisiana. Second Circuit.

Dec. 16, 1932.

Madison & Madison, of Monroe, for appellant.

F. B. Smith, of New Orleans, for appellee.

DREW, J.

The defendant, a fraternal beneficiary association, issued to Gus Williams, Sr., an endowment insurance policy; he being a member of Lodge No. 28, Star of Morehouse, at Jones, La. The policy is dated December 3, 1917, and was to remain in force and effect as long as Gus Williams was a member in good standing of his lodge. The policy, constitution, and by-laws of the defendant organization constituted the contract of insurance between Gus Williams and the defendant. The dues of the lodge were $1 per month, payable on or before the 10th of each month. It is admitted that Gus Williams was a member in good standing in June, 1929. He died on September 9, 1929.

His son, Gus Williams, Jr., instituted this suit as beneficiary under the said policy, on June 16, 1931, alleging that, at the time of death, his father was a member in good standing, and that, after his father's death, he, the petitioner, did all things necessary for him to do to comply with the rules of said lodge in perfecting his claim to the insurance. He prays for judgment against the defendant for the face value of the policy, and for $250 as attorney's fees.

Defendant answered, basing its defense on the ground that deceased was suspended from membership in the lodge on August 14, 1929, for nonpayment of dues, and stood suspended at the time of his death, and was therefore not entitled to any of the benefits of its endowment· department or of the burial department.

On the day of trial, after the evidence was heard, defendant filed a plea of prescription of one year, based upon the following clause in the contract: "Failure to file claim for endowment, within twelve months from the date of death, shall forfeit all claim to endowment benefits on this policy; nor shall any action at law or in equity be maintainable after one year from the date that payment shall be due under this policy."

The face of the policy states that the defendant will pay to the beneficiary named therein the amount due under the policy on satisfactory proof of the death of the insured and the surrender of the policy. There is no dispute between plaintiff and defendant as to the application of these provisions, both maintaining that they are valid and binding in law, but plaintiff contends that the policy itself shows, by a rubber stamp mark on the back of it, that it was received by the defendant September 27, 1930. This is also admitted in the answer, and, under the above-stated provisions of the policy, that payment was not due, under said policy, until that date; that his suit was filed on June 16, 1931, and therefore the prescriptive period of one year had not run; that the delay in forwarding the proof of death and the policy was through no fault of his, but through the fault and negligence of the subordinate lodge, which officers were agents of defendant, and upon whom the constitution and by-laws placed the duty of forwarding to defendant the proof of death and the policy; that on September 10, 1929, he delivered to the proper officer of the subordinate Lodge the insurance policy, and soon thereafter the proper officers prepared the necessary proof of death; and that, when plaintiff delivered the policy to the officers of the subordinate lodge, he had done all required of him by the contract, and therefore can not be held responsible for the negligence of the agents of defendant.

■ We fully agree with the contention of plaintiff that he did all required of him by the contract of insurance. However, we go further and hold that, when he did, payment of the policy was then due, and this was at a time more than one year prior to the filing of this suit. The officers of the subordinate lodge were agents of the Grand Lodge, as we have often held, and to hold that the payment was not due because the defendant's agents failed in their duty would be to hold that the agents of defendant could put off the due date forever, and thereby defeat any and all claims of insurance due by their principal. Such a ruling would be absurd. Certainly plaintiff would have no right to sue until the payment was due. Under plaintiff's contention, if the officers of the subordinate lodge failed to perform their duty, and had not until now forwarded the proof of death and the policy to defendant, and he filed this suit, an exception of prematurity would be good. Such a ruling would be equivalent to saying that defendant. could inject a clause into every insurance contract that would give it the right to nullify every contract by inaction after the death of the insured, and no such clause could or would be upheld by any court. When plaintiff gave to the officer or officers of the subordinate lodge the policy, and furnished them with the necessary proof of death, he had completed his part of the contract as much so as if he had delivered them to the defendant. The officers of the subordinate lodge were the agents of defendant, with whom he was authorized to deal.

■ We therefore find that more than one year had elapsed from the date payment was due under the policy until suit was filed, and the plea of prescription of one year should have been sustained.

It is therefore ordered, adjudged, and decreed that the plea of prescription of one year is sustained, and plaintiff's suit dismissed, at his cost.

Judgment affirmed.