## GROSE v. DISTRICT GRAND LODGE OF THE UNITED ORDER OF ODD FELLOWS OF LOUISIANA.

### PRESLEY et al. v. SAME.

### BELLINGS v. SAME.

### Nos. 1267–1269.

Court of Appeal of Louisiana. First Circuit. Jan. 22, 1934.

F. B. Smith, of New Orleans, for appellant.

Hawkins & Pickrel, of Lake Charles, for appellees.

MOUTON, Judge.

The above entitled and numbered cases were consolidated for trial in the lower court, in which the following opinion and decrees were rendered:

"These three consolidated suits are based upon three endowment policies issued by the bureau of endowment of the defendant organization, respectively to Eligah Grose, Cleve Presley, and James Bellings, who named as their beneficiaries their respective wives, who survived them, and are the plaintiffs herein.

"The defense is that at the death of the three insureds, they were not in good standing in the defendant organization, for the reason that the local lodge to which they belonged, namely, Invincible Lodge Number 7281, at Oakdale, stood suspended from the organization on the date of death, for nonpayment of assessments, and that according to the laws, rules, and regulations of the organization, neither the lodge nor its members were entitled to any benefits from the defendant organization.

"Article 2 of the constitution and by-laws of the endowment bureau provide, in section 1, that upon the death of a member of a lodge during its suspension, the beneficiary should not be entitled to the benefits of the bureau of endowment, and, in section 2, that under any condition which may arise, it is understood and declared that the lodge is the agent of the member insured, and is not the agent of the bureau of endowment.

"The evidence clearly establishes the facts that all of these members of the local lodge had paid their dues promptly, and were therefore in good standing with their organization, unless the suspension of the local lodge destroyed their standing.

"The evidence shows that the officers of the endowment bureau had notified the secretary of the local lodge, long before the death of the said members, that the local lodge was suspended for nonpayment of dues. It is clear from the record that the secretary of the local lodge was embezzling the dues of the members, and deceiving them into believing that the dues were forwarded promptly to the bureau, and that the bureau had the right, under the laws of the order, to suspend the local lodge, and issued notice of suspension, to the secretary of the local lodge. It is further clearly evident that this dishonest officer concealed all knowledge of the suspension from the members, and that none of the local officers or members had any knowledge of the suspension until subsequent to the death of the husbands of these plaintiffs. The situation, therefore, is that the local members did everything that was required of them, and believed until after the deaths of the three insured members that the lodge was in good standing, and that the members were protected by their endowment policies.

"The sole question, therefore, to be determined is whether the local members are bound by the acts of their local secretary as their agent, or whether he was an agent of the endowment bureau, for whose acts the bureau was responsible.

"In the case of Williams v. Knights of Pythias (Court of Appeal) 144 So. 754, decided December 16, 1932, the court found that the officers of the subordinate lodge were agents of the grand lodge, as had often been previously held, and therefore that the local members were not responsible for the derelictions of those officers. The opinion, however, does not give the terms of the laws of the order, and we are unable to determine whether those laws specifically provide that the local officers are the agents of the local members, and not of the general order.

"In Emanuel v. Central Grand Independent, etc., 16 La. App. 186, 133 So. 506, the same rule was enforced by the court, holding that suspension of the local lodge is ineffective as to the standing of its members until proper notice. The opinion in that case quotes from 45 C. J. p. 27, in which it was held that the charter, constitution, by-laws, and rules properly adopted by an organization form a part of its contract of insurance, if they are not inconsistent with the terms of the certificate, or unreasonable or contrary to law. The court proceeds as follows:

" 'To suspend a lodge for failure of its officers to remit dues that are regularly paid to them, and to thus deprive a faithful member of rights already accrued in the policy, and to deny the beneficiary in the case to recover on such a policy, would be unreasonable and contrary to law.'

"After citing and analyzing a number of texts and cases, the court finally concludes that failure of the officer of the local lodge to remit dues to the endowment bureau does not ipso facto suspend members whose dues are fully paid up, and that the by-laws of the order to that effect are unreasonable.

"In the previous case of Edwards v. Grand United Order, etc., 6 La. App. 693, the same court said:

" 'When money is paid to an agent duly authorized to receive it, it at once becomes the property of the principal, and the debtor making the payment is fully discharged.'

"Another authority relied upon by the court in that case, 45 C. J. p. 120, is quoted as follows:

" 'The by-law suspending the local lodge and all its members, upon the local officer's failure to submit assessments, without providing proper notice of forfeiture, although providing for admission into another lodge upon the forfeiture, and upon re-payment of dues and assessments, is unreasonable and void.'

"The Court of Appeal, New York, in the case of Brown v. I. O. F., 176 N. Y. 132, 68 N. E. 145, is quoted as follows:

" 'In so far as the defendant attempted by the enactment of by-laws to make the default or misconduct of its own agent and officer the default and misconduct of the members, who had paid their dues and assessments precisely as the regulations required, its action was nugatory.'

"The case from which we have quoted is followed in principles by the Fairfax Case, 19 La. App. 35, 139 So. 494, where the court, quoting the Emanuel Case, supra, said it was unnecessary to determine whether the local lodge was technically suspended at the time of the death of the insured, because such a suspension was not a valid defense.

"Since the facts in this case show that the deceased were members of their local lodge, and in good standing with that organization at the time of their respective deaths, and since, from the authorities cited, it is clear that the supposed suspension of the local lodge was not chargeable to them, and that the terms of the constitution and by-laws of endowment bureau, attempting to avoid responsibility for the acts of the officers of the local lodge, are not valid defenses for the claims made herein, it follows that judgment must be rendered in favor of the beneficiaries.

"It is therefore ordered, adjudged, and decreed that there be judgment herein, against the District Grand Lodge No. 21 of the Grand United Order of Odd Fellows of Louisiana, as follows:

"In favor of plaintiff Mary Grose, widow of Eligah Grose, deceased, in the sum of $500, with 5 per cent. per annum interest from January 5, 1933, until paid;

"In favor of plaintiff Lizzie Presley, widow of Cleve Presley, deceased, and of Bessie Presley and Clara Presley, daughters of the said Cleve Presley, jointly, in the sum of $400, with interest at 5 per cent. per annum from January 5, 1933, until paid;

"And in favor of plaintiff Rosa Bellings, widow of James Bellings; deceased, in the sum of $500, with interest at 5 per cent. per annum from January 5, 1933, until paid.

"It is further ordered that the defendant pay all costs of these suits."

The facts are correctly stated in the carefully prepared opinion of the district judge, and the law governing the issues presented in the three cases has been properly applied. We find no error in the judgment appealed from, but will not grant the damages demanded for a frivolous appeal.

The judgments are therefore affirmed, with cost.